# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ALMA D. CHAVEZ,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DOCKET NUMBERS<br>SF-1221-12-0330-X-1<br>SF-1221-12-0330-C-1<br><br>DATE: December 19, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Kelly Burch, Coarsegold, California, for the appellant.

Barbara Ann T. Konno, Esquire, Palo Alto, California, for the agency.

Coleen L. Welch, Martinez, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The administrative judge issued a compliance initial decision granting the appellant's petition for enforcement and finding the agency in partial noncompliance with the Board's October 30, 2013 Opinion and Order granting

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the appellant corrective action in her individual right of action (IRA) appeal. MSPB Docket No. SF-1221-12-0330-C-1, Compliance File (CF), Tab 14, Compliance Initial Decision (CID). The administrative judge found that, although the agency did not restore the appellant to her position within the deadline set by the order, it did eventually restore her. CID at 3. However the agency did not pay her the correct amount of back pay, interest on back pay, and other benefits, as required by the Board's order. CID at 4. The appellant filed a petition for review, and the agency filed a cross petition for review. MSPB Docket No. SF-1221-12-0330-C-1, Compliance Petition for Review (CPFR) File, Tabs 1, 3. The agency filed statements of compliance and responses to Board orders, and the appellant responded. *See, e.g.*, MSPB Docket No. SF-1221-12-0330-X-1, Compliance Referral File (CRF), Tabs 1, 7-12, 15.

¶2      For the reasons discussed below, we DENY the petition for review and the cross petition for review, and we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). We further find the agency in compliance and DISMISS the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## DISCUSSION OF ARGUMENTS ON REVIEW AND EVIDENCE ON COMPLIANCE

¶3      On August 11, 2014, the agency submitted a statement of compliance, stating that agency personnel had been working with the Defense Finance Accounting Service (DFAS) in an attempt to implement the Board's back pay order, and that DFAS had initiated an audit of the matter, apparently due to its belief that the appellant owed a debt to the Government. CRF, Tab 1.

¶4      The appellant filed a petition for review on August 11, 2014. CPFR File, Tab 1. She did not allege that the administrative judge erred in finding the agency in partial noncompliance with the Board's order. Rather, she alleged that

the administrative judge had not handled the case fairly and objectively, because the agency had not complied with the administrative judge's orders. *Id.* at 2. The appellant asserted that the administrative judge had not set a compliance date in the initial decision, and that this failure would allow the agency to drop the case. *Id.* She requested that the agency be held accountable for its failure to reinstate her within the required time frame, and its failure to provide back pay. *Id.* at 3. She also alleged that the agency's former chief of human resources had interfered with the compliance process. *Id.*

¶5    The agency filed a cross petition for review on August 12, 2014, which argued that the administrative judge's finding of noncompliance should not be sustained because DFAS had given the agency incorrect information about when the back payments would be made to the appellant. CPFR File, Tab 3 at 1-2. The agency also alleged that it had received new information indicating that some of the appellant's earnings had been incorrectly deducted from the back payments by DFAS. *Id.* The agency argued that DFAS had led it to believe that it had all the necessary information from the agency to make the back payments, and therefore had not followed up earlier. *Id.* at 3. Finally, the agency argued that it had acted in good faith regarding the payments, and disagreed with the administrative judge's finding that it had failed to take all the required actions. *Id.*

¶6    The agency submitted a status report on September 26, 2014, which stated that the agency was in compliance with the Board's order, and attached a spreadsheet allegedly detailing back payments made to the appellant. CRF, Tab 4. The Board issued an order on March 10, 2015, directing the agency to provide an explanation of the back pay payment, including appropriate interest, and spreadsheets showing the daily compounding of said interest. CRF, Tab 5. The agency submitted a response on March 23, 2015, stating that it had not received information from DFAS regarding DFAS's interest calculations, and attaching spreadsheets showing summary information regarding the interest payments. CRF, Tab 7. On March 24, 2015, the agency submitted documents

showing the calculation of interest and daily compounding of interest on the back pay payment for the period from June 11, 2011, through February 1, 2013. CRF, Tab 8 at 6-7. The agency also attached a back pay data report showing payments for periods between May 22, 2011, and June 2, 2013. *Id*. at 8. A summary sheet indicated that the appellant had been paid $22,888.69 in adjusted gross back pay and $1,439.59 in interest, for a total of $24,328.28. *Id*. at 5.

¶7      The appellant responded on April 1, 2015, indicating that the agency had explained the back pay payment to her during a telephone call in September 2014, but alleging that the agency had deducted her outside earnings from the back pay payment, and requesting attorney fees. CRF, Tab 9 at 2.

¶8      In response to a request from the Board for additional detail about the back pay interest payments, the agency submitted a response on May 11, 2015, again asserting that DFAS had not provided all of the interest calculations to the agency. CRF, Tab 12. The Board issued a second order on September 1, 2016, directing the agency to provide an explanation of the back pay and interest paid to the appellant for the period between February 1, 2013, and December 15, 2013. CRF, Tab 14 at 2. The order directed the agency to provide this evidence within 15 days, and the appellant to reply to the agency's evidence within 15 days thereafter. *Id*.

¶9      On September 8, 2016, the agency submitted a narrative explanation and documentation of the back pay payments made to the appellant for the entire pertinent period, showing a total of $24,328.28 in adjusted gross back pay and interest, before offsets for erroneous payments and other deductions. CRF, Tab 15 at 21. The agency explained that this total was offset by the appellant's outside earnings, for a total of $21,477.39. *Id*. at 8. The agency attached documentation detailing the daily compounding of interest for the period between June 10, 2011, and July 1, 2014, which covers the entire period between the appellant's removal and her reinstatement. *Id*. at 21-22.

¶10        The appellant submitted a request for a 2-week extension on September 26, 2016, and on November 8, 2016, submitted a series of documents apparently relating to a new proposed suspension by the agency, but did not submit any response to the agency's evidence of compliance.  CRF, Tabs 16-17.

## PETITION FOR REVIEW

¶11        Generally, we grant petitions such as these only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review.

¶12        As explained above, the appellant has not asserted that the administrative judge erred in finding that the agency was in partial noncompliance with the Board's order.  Rather, she asserted that the administrative judge did not handle the case fairly and objectively, based on the agency's alleged failure to comply with the administrative judge's orders.  CPFR File, Tab 1 at 2.  We find that the agency's delays in complying with the administrative judge's orders are not evidence that the administrative judge did not handle the case fairly.  Rather than ignoring or permitting the agency to not comply with her orders, the administrative judge issued an initial decision finding that the agency had not complied, which led to the docketing of the instant compliance referral matter. Finally, concerning the appellant's allegation that the agency's former chief of

human resources interfered with the compliance process, the appellant has provided no support for this assertion. CPFR File, Tab 1 at 3. Therefore, we find that the appellant has not stated a basis for reversal under section 1201.115.

¶13    The agency's cross petition for review also does not state a basis for reversal under this section. The agency's petition argues that the initial decision was erroneous in finding that the agency had not taken all actions required to comply with the Board's order. CPFR File, Tab 3 at 1, 4. However, the agency also acknowledges that it was not in compliance with the Board's order in that it had not paid the appellant the required amount of back pay and benefits. *Id*. at 2. The agency presents several justifications for this failure, including that it was given erroneous information by DFAS about the status of the back payments, and that it received new evidence indicating that the back payments had been incorrectly calculated by DFAS. *Id*. at 2-4. Because the agency has not presented a basis for reversal of the administrative judge's decision, we deny its petition for review.

## PETITION FOR ENFORCEMENT

¶14    As noted above, the agency has provided evidence that it is now in compliance with the Board's order, indicating that it has restored the appellant to her position, and paid her the appropriate amount of back pay plus benefits and interest. The agency calculated the appellant's back pay as follows: $22,888.69 in adjusted gross back pay and $1,439.59 in interest, for a total of $24,328.28. This amount was offset by the appellant's outside earnings, for a final payment of $21,477.39. The agency has provided an explanation of how it arrived at these totals, including providing calculations of the daily compounding of interest on those amounts. The appellant has not submitted any challenge to this evidence.

¶15    In light of the agency's evidence of compliance, and the appellant's failure to respond to that evidence, we find the agency in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems

Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in

title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                          Jennifer Everling
                          Acting Clerk of the Board

Washington, D.C.